1   PETER C. ANDERSON
    United States Trustee
2   JILL M. STUREVANT
    Assistant United States Trustee
3   RUSSELL CLEMENTSON (State Bar No. 143284)
    Trial Attorney
4   OFFICE OF THE UNITED STATES TRUSTEE
    725 S. Figueroa Street, Suite 2600
5   Los Angeles, CA 90017
    Phone (213) 894-4505
6   Fax (213) 894-2603
    russell.clementson@usdoj.gov
7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10             LOS ANGELES DIVISION

11   In re:                          )    Case No. 2:10-bk-26665-BR
                                      )
12   EDWIN KULUBYA and                )    UNITED STATES TRUSTEE'S MOTION
     SANDRA KULUBYA,                  )    FOR AN ORDER DISGORGING
13                                    )    ATTORNEY COMPENSATION
                                      )    PURSUANT TO 11 U.S.C. §§ 327, 329,
14                                    )    330 AND 105(a); DECLARATION OF
                                      )    RUSSELL CLEMENTSON
15                                    )
                                      )    Date:  August 3, 2010
16                                    )    Time:  2:00 p.m.
                    Debtors.          )    Place: Courtroom 1668
17                                    )           255 E. Temple Street
                                      )           Los Angeles, CA 90017
18   _____

19

20         **NOTICE IS HEREBY GIVEN** that on August 3, 2010 at 2:00 p.m. in Courtroom 1668

21   of the above-entitled court, located at 255 East Temple Street, Los Angeles, California, the

22   United States Trustee ("U.S. Trustee") through and by his counsel of record  will, and hereby

23   does, move the Court for an order disgorging compensation received by Jason Boyer in

24   connection with the above-entitled case. This motion is brought pursuant to §329 of the

25   Bankruptcy Code, and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, on the

26   grounds that any and all compensation to Jason Boyer exceeds the reasonable value of services to

27   the Debtors. Moreover, Mr. Boyer failed to seek employment of the firm under 11 U.S.C. §327

28   of the Bankruptcy Code.

1        This motion is also based on this notice, the attached Memorandum of Points and

2    Authorities, all papers, pleadings and files of record, and such evidence as the Court might

3    receive at the time of the hearing on the motion.

4        Local Bankruptcy Rule 9013-1(a)(7) requires that any objection or response to this

5    motion must be stated in writing, filed with the Clerk of the Court and served on Russell

6    Clementson, Esq. at 725 South Figueroa Street, Suite 2600, Los Angeles, CA 90017 no later than

7    14 days before the hearing on the motion. Failure to file and serve any opposition may result in

8    the Court failing to consider the same.

9    Dated: 7-9-10    PETER C. ANDERSON
                                    UNITED STATES TRUSTEE

10

11                                 By:

12                                     Russell Clementson
                                 Attorney for the United States Trustee

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                          - 2 -

1                                          I.

2                          STATEMENT OF FACTS

3       On April 28, 2010, the debtors, Edwin & Sandra Kulubya, (the "Debtors"), filed a

4 Chapter 11 bankruptcy case. According to information contained in Debtors' bankruptcy

5 petition, Jason Boyer was Debtors' counsel of record at the time of filing.

6       Counsel filed an *incomplete* Disclosure of Compensation of Attorney for Debtor dated

7 May 12, 2010 ("2016(b) Statement") in violation of 11 U.S.C. § 329 and Bankruptcy Rule

8 2016(b).[1] Counsel failed to disclose the amount that he agreed to accept for legal services as well

9 as the amount received. Moreover, the services agreed to be rendered were all crossed out in the

10 2016(b) Statement filed by counsel. A true and correct copy of Debtor's 2016(b) Statement is

11 attached hereto as Exhibit 1. To date, the counsel has also failed to file an application to be

12 employed as is required under 11 U.S.C. §§ 1107(a) and 327. A true and correct copy of the

13 Court's PACER docket is attached hereto as Exhibit 2.

14       On or about May 14, 2010, counsel also filed a limited scope of appearance pursuant to

15 Local Bankruptcy Rule 2090-1 in which he represented that he agreed to perform the following

16 services in exchange for $4,000:

17       a. Prepare and file the Petition and Schedules;

18       b. Represent the Debtor at the 341(a) Hearing;

19       c. Represent the Debtor in any relief from stay actions.

20       A true and correct copy of counsel's declaration re: limited scope of appearance is

21 attached hereto as Exhibit 3. It is unclear whether the Debtor paid counsel $4,000 because of

22 counsel's failure to file a completed Rule 2016(b) Statement. Further complicating the record is

23 the Debtor's Statement of Financial Affairs Item 9 in which the Debtor disclosed a payment of

24 $1,039 on April 26, 2010 (perhaps the filing fee). A true and correct copy of Debtor's Statement

25

26

27      [1]Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy
Code, 11 U.S.C. §§ 101-1330, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9036.

28                             - 3 -

1 | of Financial Affairs, question no. 9, is attached hereto as Exhibit 4.

2 |       Thus, it appears that counsel never intended to perform the basic services that are

3 | required of a Chapter 11 debtor in possession including submitting the U.S. Trustee's Chapter 11

4 | requirements, nor any of the services required early in a Chapter 11 case such as complying with

5 | the requirements for use of any cash collateral and responding to early case management

6 | conferences. Counsel's agreement appears to contemplate that his client will be in all but

7 | immediate default with respect to their duties as a debtors in possession after the petition and

8 | schedules are filed. Indeed, that is exactly what happened in this case.

9 |       On or about May 27, 2010, the United States Trustee filed a Motion to Dismiss or

10 | Convert under 11 U.S.C. §1112(b) of the Bankruptcy Code which was set for hearing on June 29,

11 | 2010. No opposition was filed and there was no appearance by the Debtors or counsel at the

12 | hearing. None of the deficiencies alleged by the U.S. Trustee were cured before the hearing and

13 | the case was dismissed with a 180-day bar against filing another bankruptcy petition as well as a

14 | judgement for U.S. Trustee quarterly fees. A true and correct copy of the Court's Order

15 | Dismissing this Case is attached as Exhibit 5.

16 |       On or about June 30, 2010, counsel for the United States Trustee sent Mr. Boyer an e-

17 | mail requesting that he file an amended Rule 2016-B statement and confirm whether he agreed to

18 | perform any services that are not listed in his declaration re: limited scope of appearance. No

19 | response has been received as of the date of the filing of this motion. A true and correct print of

20 | my e-mail to Mr. Boyer is attached as Exhibit 6.

21 |

22 |                          II.

23 |             MEMORANDUM OF POINTS AND AUTHORITIES

24 | **A.**     **Counsel Failed To Provide Competent Legal Services.**

25 |       The Bankruptcy Code and Rules and the Local Rules required counsel to seek authority

26 | from the Court to represent the Debtor in possession during the Chapter 11 case and to be

27 | compensated from the estate. Section 327 provides, in pertinent part:

28 |                          - 4 -

1   "Except as otherwise provided in this section, the trustee,[2] with the court's
2   approval, may employ one or more attorneys . . . that do not hold or represent an
    interest adverse to the estate, and that are disinterested persons, to represent or
3   assist the trustee in carrying out the trustee's duties under this title."

4   11 U.S.C. § 327(a).

5       Accordingly, "court approval of the employment of counsel for debtor in possession is

6   sine qua non to counsel getting paid." *Shapiro Buchman LLP v. Gore Brothers (In re Monument*

7   *Auto Detail, Inc.)*, 226 B.R. 219, 224 (9th Cir. BAP 1998). Failure to obtain court authorized

8   employment in accord with § 327 and Rule 2014 precludes the court from awarding counsel

9   reasonable compensation for services performed pursuant to §330. *DeRonde, Jr. v. Shirley (In re*

10  *Shirley)*, 134 B.R. 940, 943 (9th Cir. BAP 1992); *see also Monument Auto Detail, Inc.*, 226 B.R.

11  at 224-25 (holding "that the Code and Rules preclude fee awards for services performed on

12  behalf of a bankruptcy estate based on state law theories not provided for by the Code, such as

13  quantum meruit").

14      From all appearances, Mr. Boyer provided only minimal legal services to the Debtors

15  during the pendency of their case. "In bankruptcy proceedings, professionals who perform

16  services for a debtor in possession cannot recover fees for services rendered to the estate unless

17  those services have been previously authorized by a court order." *Atkins v. Wain, Samuel & Co.*

18  *(In re Atkins)*, 69 F.3d 970, 973 (9th Cir. 1995); *see, e.g., McCutchen, Doyle, Brown & Enersen*

19  *v. Official Comm. of Unsecured Creditors (In re Weibel, Inc.)*, 176 B.R. 209, 211-13 (9th Cir.

20  BAP 1994). "Failure to receive court approval for the employment of a professional in

21  accordance with §327 and Rule 2014 precludes the payment of fees. . . .When there is no

22  compliance with the Code or rules, a professional may forfeit his right to compensation." *Shirley*,

23  134 B.R. at 943 (citations omitted).

24      Mr. Boyer also forfeited its right to compensation when he failed to file an employment

25  application. There can be no finding pursuant to §330(a) that any money paid to Mr. Boyer

26

27  [2] Section 1107(a) makes § 327 applicable to debtors in possession. See 11 U.S.C. § 1107(a).

28                                          - 5 -

1    represents reasonable compensation for services because the nature of his agreement put his
2    client in immediate jeopardy once the petition was filed. Accordingly, the Court should order the
3    entire retainer disgorged under §329 and pursuant to its inherent authority under §105(a). *See* 11
4    U.S.C. § 329(b). While arguably this may appear to be a harsh result, the Ninth Circuit
5    Bankruptcy Appellate Panel has made clear that "[t]here is no unjust hardship in requiring
6    attorneys to observe the strict requirements of §327 because professionals are charged with
7    knowledge of the law." *In re Downtown Investment Club III*, 89 B.R. 59, 63-64 (9th Cir. BAP
8    1988).

9        Section 329(b) of the Code and Local Bankruptcy Rule ("LBR") 2017 authorizes the
10   Court to order an attorney to return any compensation that exceeds the reasonable value of his
11   services. The United States Trustee finds it difficult to value the representation provided which
12   representation appears to violate California Rules of Professional Conduct. LBR 2090-1(e)
13   provides that "[a]ny attorney who appears for any purpose submits to the discipline of the court
14   with respect to conduct of the case or proceeding and shall be subject to the standards of
15   professional conduct as set forth in Local Rule 83-3.1.2 of the District Court Local Rules." Local
16   Rule 83-3.1.2 adopts the standards of professional conduct of the State Bar of California, the
17   Rules of Professional Conduct of the State Bar of California, "and the decisions of any court
18   applicable thereto" for federal courts sitting in the Central District of California. Under this
19   paradigm, Mr. Boyer is required to "perform legal services with competence." Cal. R. Prof. Code
20   3-110(A). Competent legal representation includes performing services with diligence, learning
21   and skill, reasonable mental, emotional, and physical ability to perform, as well as supervising
22   the work of a subordinate attorney and non-attorney employees or agents. *Id.* at (B)(1) - (3), Cal.
23   R. Prof. Code 3-110 note (citations omitted). It was all but certain that Mr. Boyer's clients would
24   be in immediate default once the petition was filed and exposed to the harm that occurs when
25   Chapter 11 debtors do not perform their fiduciary duties. That is what occurred in this case and
26   Mr. Boyer should not receive any compensation.

27

28                                                      - 6 -

1

III.

2

CONCLUSION

3    For the foregoing reasons, the U.S. Trustee requests that this Court order that the Jason

4    Boyer be required to disgorge all fees received, which disgorgement check to be made to Edwin

5    & Sandra Kulubya in cashier's check or certified check, but forwarded to the United States

6    Trustee for monitoring, and for such other and further relief such as the Court deems appropriate.

7    DATE: 7-9-10           OFFICE OF THE UNITED STATES TRUSTEE

8

9                          By: _____

10                              RUSSELL CLEMENTSON
                                Trial Attorney

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                      - 7 -

# Declaration of Russell Clementson

# Declaration of Russell Clementosn

1        <u>DECLARATION OF RUSSELL CLEMENTSON</u>

2              I, Russell Clementson, do hereby declare as follows:

3              1. I am an attorney licensed to practice in the state of California and in the Federal

4    District Court for the Central District of California. I am an attorney employed by the Office of

5    the United States Trustee, United States Department of Justice. I am one of the attorneys

6    responsible for monitoring the above-captioned bankruptcy case.

7              2. I have personal knowledge of the facts set forth herein and if called as a witness

8    could and would competently testify thereto.

9              3. Attached as Exhibit 1 is a true and correct copy of the Debtor's Rule 2016-B

10   Statement.

11             4. Attached as Exhibit 2 is a true and correct copy of the PACER docket for this case.

12             5. Attached as Exhibit 3 is a true and correct copy of Jason Boyer's declaration re:

13   limited scope of appearance.

14             6. Attached as Exhibit 4 is a true and correct copy of the Debtors' Statement of Affairs

15   question no. 9.

16             7. Attached as Exhibit 5 is a true and correct copy of the Order Dismissing this case.

17             8   Attached as Exhibit 6 is a true and correct printout of my June 30 e-mail to Jason

18   Boyer. I have not received a response as of the date of this declaration.

19             I declare under penalty of perjury that the foregoing is true and correct.

20             Executed on July 9, 2010 at Los Angeles, California.

21                                          _____
                                           Russell Clementson
22

23

24

25

26

27

28

# Exhibit "1"

# Exhibit "1"

**United States Bankruptcy Court**
**Central District of California**

IN RE:                                                                    Case No. **10-26665**

**Kulubya, Edwin & Kulubya, Sandra** _____    Chapter **11** _____
                    Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

2.  The source of the compensation paid to me was:    ☐ Debtor    ☑ Other (specify):

3.  The source of compensation to be paid to me is:    ☐ Debtor    ☑ Other (specify):

4   ☐   I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☑   I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.   ~~Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;~~
    b.   ~~Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;~~
    c.   ~~Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;~~
    d.   ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~
    e.   [Other provisions as needed]

6.  By agreement with the debtor(s), the above disclosed fee does not include the following services:

.

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding

**May 12, 2010** _____    **/s/ Jason Boyer** _____
        Date

                        **Jason Boyer 249220**
                        **Boyer Law**
                        **9844 Paramount Boulevard**
                        **Downey, CA 90240**
                        **(562) 806-6966  Fax: (562) 928-5073**
                        **jasonjboyer@gmail.com**

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

1      IT IS FURTHER ORDERED that the Court reserves jurisdiction to consider matters related

2  to the fees received and services rendered by the attorney for the Debtor.

3  ###

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  DATED: July 8, 2010

                    United States Bankruptcy Judge

26

27

28

# Exhibit "2"

# Exhibit "2"

DsclsDue, Incomplete, PlnDue, DISMISSED

# U.S. Bankruptcy Court
## Central District Of California (Los Angeles)
## Bankruptcy Petition #: 2:10-bk-26665-BR

|  |  |
|---|---|
| | *Date filed:* 04/28/2010 |
| *Assigned to:* Barry Russell | *Debtor dismissed:* 07/08/2010 |
| Chapter 11 | *Joint debtor dismissed:* 07/08/2010 |
| Voluntary | |
| Asset | |

*Debtor disposition:* Dismissed for Other Reason
*Joint debtor disposition:* Dismissed for Other Reason

| | |
|---|---|
| **Debtor**<br>**Edwin Kulubya**<br>3220 Thatcher Ave<br>Marina del Rey, CA 90292<br>SSN / ITIN: xxx-xx-5231 | represented by **Jason Boyer**<br>The Law Office of Jason Boyer<br>9844 Paramount Blvd<br>Downey, CA 90240<br>562-776-9025<br>Fax : 562-928-5073<br>Email: jasonjboyer@gmail.com |
| **Joint Debtor**<br>**Sandra Kulubya**<br>3220 Thatcher Ave<br>Marina del Rey, CA 90292<br>SSN / ITIN: xxx-xx-4724 | represented by **Jason Boyer**<br>(See above for address) |
| **U.S. Trustee**<br>**United States Trustee (LA)**<br>725 S Figueroa St., 26th Floor<br>Los Angeles, CA 90017 | represented by **Russell Clementson**<br>725 S Figueroa Ste 2600<br>Los Angeles, CA 90017<br>213-894-4505<br>Fax : 213-894-2603<br>Email: russell.clementson@usdoj.gov |

| Filing Date | # | Docket Text |
|---|---|---|
| | | Chapter 11 Voluntary Petition. Fee Amount $1039 Filed by Edwin Kulubya, Sandra Kulubya Schedule A due 05/12/2010. Schedule B due 05/12/2010. Schedule C due 05/12/2010. Schedule D due 05/12/2010. Schedule E due 05/12/2010. |

-11-

| | | |
|---|---|---|
| 04/28/2010 | <u>1</u> | Schedule F due 05/12/2010. Schedule G due 05/12/2010. Schedule H due 05/12/2010. Schedule I due 05/12/2010. Schedule J due 05/12/2010. Statement of Financial Affairs due 05/12/2010. List of Equity Security Holders due 05/12/2010. Statement - Form 22B Due: 05/12/2010. Atty Signature Petition due 05/12/2010.Statement of Related Case due 05/12/2010. Notice of available chapters due 05/12/2010. Verification of creditor matrix due 05/12/2010. Summary of schedules due 05/12/2010. Declaration concerning debtors schedules due 05/12/2010. Disclosure of Compensation of Attorney for Debtor due 05/12/2010. Statistical Summary due 05/12/2010. Exhibit D due 05/12/2010. Cert. of Credit Counseling due by 05/12/2010. Debtor Certification of Employment Income due by 05/12/2010. Incomplete Filings due by 05/12/2010. (Boyer, Jason) CORRECTION: Deadlines terminated re: Attorney Signature, Notice of Available Chapters, and List of Equity Security Holders. Modified on 5/3/2010 (Ghaltchi, Dina). (Entered: 04/28/2010) |
| 04/28/2010 | | Receipt of Voluntary Petition (Chapter 11)(2:10-bk-26665) [misc,volp11] (1039.00) Filing Fee. Receipt number 13995293. Fee amount 1039.00. (U.S. Treasury) (Entered: 04/28/2010) |
| 04/28/2010 | <u>2</u> | Declaration Re: Electronic Filing *re Emergency Petition* Filed by Debtor Edwin Kulubya, Joint Debtor Sandra Kulubya. (Boyer, Jason) (Entered: 04/28/2010) |
| 04/28/2010 | <u>3</u> | Statement of Social Security Number(s) Form B21 Filed by Debtor Edwin Kulubya, Joint Debtor Sandra Kulubya. (Boyer, Jason) (Entered: 04/28/2010) |
| 05/03/2010 | <u>4</u> | Meeting of Creditors 341(a) meeting to be held on 6/10/2010 at 11:00 AM at RM 2610, 725 S Figueroa St., Los Angeles, CA 90017. Last day to oppose discharge or dischargeability is 8/9/2010. (Ly, Lynn) (Entered: 05/03/2010) |
| 05/05/2010 | <u>5</u> | BNC Certificate of Notice (RE: related document(s) <u>4</u> Meeting of Creditors Chapter 11 & 12) No. of Notices: 30. Service Date 05/05/2010. (Admin.) (Entered: 05/05/2010) |
| 05/05/2010 | <u>6</u> | BNC Certificate of Notice (RE: related document(s) <u>1</u> Voluntary Petition (Chapter 11) filed by Debtor Edwin Kulubya, Joint Debtor Sandra Kulubya) No. of Notices: 3. Service Date 05/05/2010. (Admin.) (Entered: 05/05/2010) |
| | | BNC Certificate of Notice (RE: related document(s) <u>1</u> Voluntary Petition (Chapter 11) filed by Debtor Edwin Kulubya, Joint Debtor Sandra Kulubya) No. of Notices: 3. Service Date |

| 05/05/2010 | 7 | 05/05/2010. (Admin.) (Entered: 05/05/2010) |
|---|---|---|
| 05/06/2010 | 8 | Request for courtesy Notice of Electronic Filing (NEF) Filed by Darlene C Vigil on behalf of Courtesy NEF. (Vigil, Darlene) (Entered: 05/06/2010) |
| 05/12/2010 | 9 | Signature(s) petition form B1 of attorney , Certificate of Credit Counseling , Debtor's Certification of Employment Income , Declaration concerning debtor's schedules , Exhibit D , Notice of available chapters , Schedule A , Schedule B , Schedule C , Schedule D , Schedule E , Schedule F , Schedule G , Schedule H , Schedule I , Schedule J , Chapter 11 Statement of Current Monthly Income (Form 22B), Statement of Financial Affairs , Statistical Summary of Certain Liabilities, Summary of Schedules , Verification of creditor matrix Filed by Debtor Edwin Kulubya, Joint Debtor Sandra Kulubya. (Boyer, Jason) CORRECTION: Notice of Available Chapters, Official Form 22B Chapter 13 Statement of Current Monthly Income, Schedule C, Schedule E, Statement of Financial Affairs (old forms), Debtor's Certification of Employment Income copy of debtor's pay stubs missing, attorney to re file. Modified on 5/21/2010 (Moulton, Sheila). (Entered: 05/12/2010) |
| 05/12/2010 | 10 | Declaration Re: Electronic Filing *re Deficiencies* Filed by Debtor Edwin Kulubya, Joint Debtor Sandra Kulubya. (Boyer, Jason) (Entered: 05/12/2010) |
| 05/14/2010 | 11 | Signature(s) petition form B1 of attorney , Certificate of Credit Counseling , Debtor's Certification of Employment Income , Declaration concerning debtor's schedules , Exhibit D , Notice of available chapters , Schedule A , Schedule B , Schedule C , Schedule D , Schedule E , Schedule F , Schedule G , Schedule H , Schedule I , Schedule J , Chapter 11 Statement of Current Monthly Income (Form 22B), Statement of Financial Affairs , Statistical Summary of Certain Liabilities, Summary of Schedules , Verification of creditor matrix Filed by Debtor Edwin Kulubya, Joint Debtor Sandra Kulubya. (Boyer, Jason) CORRECTION: Notice of available chapters (old version of form), Chapter 11 statement of current monthly income (old version of form), Schedule C (old version of form), Schedule E (old version of form), Statement of financial affairs (old version of form), Petition form B1 (old version of form). Attorney to re file. PDF for Disclosure of Attorney, Declaration of attorney, Matrix and Statement of related cases attached. Signature(s) petition form B1 PDF not attached. Case still deficient. Modified on 5/25/2010 (Moulton, Sheila). (Entered: 05/14/2010) |
| | | Declaration Re: Electronic Filing *re CORRECT deficiencies* Filed |

-13-

| 05/14/2010 | 12 | by Debtor Edwin Kulubya, Joint Debtor Sandra Kulubya. (Boyer, Jason) (Entered: 05/14/2010) |
|---|---|---|
| 05/27/2010 | 13 | U.S. Trustee Motion to dismiss or convert Filed by U.S. Trustee United States Trustee (LA). (Clementson, Russell) (Entered: 05/27/2010) |
| 05/27/2010 | 15 | Order for filing chapter 11 plan of reorganization and disclosure statement and order setting hearing for approval of disclosure statement (see order for details) Re: Signed on 5/27/2010. (Fortier, Stacey) (Entered: 05/28/2010) |
| 05/28/2010 | | Hearing Set (RE: related document(s) 13 U.S. Trustee Motion to dismiss or convert filed by U.S. Trustee United States Trustee (LA)) The Hearing date is set for 6/29/2010 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 05/28/2010) |
| 05/28/2010 | 14 | Notice of UST's motion to dismiss or convert case - chapter 11 to 7 (BNC) (Fortier, Stacey) (Entered: 05/28/2010) |
| 05/28/2010 | 16 | Notice to creditors (BNC-PDF) (Fortier, Stacey) (Entered: 05/28/2010) |
| 05/28/2010 | | Hearing Set (RE: related document(s) 16 Notice to creditors (BNC-PDF)) Status hearing to be held on 7/27/2010 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 05/28/2010) |
| 05/30/2010 | 17 | BNC Certificate of Notice (RE: related document(s) 14 Notice of UST's motion to dismiss or convert case - Ch 11 to 7 (BNC)) No. of Notices: 52. Service Date 05/30/2010. (Admin.) (Entered: 05/30/2010) |
| 05/30/2010 | 18 | BNC Certificate of Notice - PDF Document. (RE: related document(s) 16 Notice to creditors (BNC-PDF)) No. of Notices: 52. Service Date 05/30/2010. (Admin.) (Entered: 05/30/2010) |
| 06/01/2010 | 19 | Notice of motion and motion for relief from the automatic stay with supporting declarations PERSONAL PROPERTY RE: 2006 Mercedes ML350 (VIN.No.: 4JGBB86E16A108260) . Fee Amount $150, Filed by Creditor DCFS USA LLC SUCCESSOR TO DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS LLC (Attachments: # 1 Exhibit) (Mroczynski, Randall) (Entered: 06/01/2010) |
| | | |

-14-

| | | |
|---|---|---|
| 06/01/2010 | | Receipt of Motion for Relief from Stay - Personal Property(2:10-bk-26665-BR) [motion,nmpp] ( 150.00) Filing Fee. Receipt number 14549277. Fee amount 150.00. (U.S. Treasury) (Entered: 06/01/2010) |
| 06/07/2010 | | Hearing Set (RE: related document(s) 19 Motion for Relief from Stay - Personal Property filed by Creditor DCFS USA LLC SUCCESSOR TO DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS LLC) The Hearing date is set for 6/30/2010 at 2:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 06/07/2010) |
| 06/10/2010 | 20 | Request for courtesy Notice of Electronic Filing (NEF) Filed by Ramesh Singh on behalf of Courtesy NEF. (Singh, Ramesh) (Entered: 06/10/2010) |
| 07/08/2010 | 21 | Order Dismissing Case - **Both Debtors** Dismissed. Signed on 7/8/2010. (Flores, Oscar) (Entered: 07/08/2010) |
| 07/08/2010 | 22 | Notice of dismissal with 180 day restriction for against debtor's refiling (BNC) (Flores, Oscar) (Entered: 07/08/2010) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/09/2010 08:48:32 | | |
| **PACER Login:** us7734 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 2:10-bk-26665-BR Fil or Ent: filed From: 4/9/2010 To: 7/9/2010 Doc From: 0 Doc To: 99999999 Term: included Format: html |
| **Billable Pages:** 3 | **Cost:** | 0.24 |

# Exhibit "3"

# Exhibit "3"

**United States Bankruptcy Court**
**Central District of California**

IN RE:                                                                Case No. **10-26665**

Kulubya, Edwin & Kulubya, Sandra                                     Chapter **11**
_____
                    Debtor(s)

### DECLARATION RE: LIMITED SCOPE OF APPEARANCE
### PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1

TO THE COURT, THE DEBTOR, THE TRUSTEE (if any), AND THE UNITED STATES TRUSTEE:

1. I am the attorney for the Debtor in the above-captioned case.

2. On (*specify date*) ____**4/26/2010**____, I agreed with the Debtor that for a fee of $ _____**4,000.00**, I would provide only the following services:

   a. ☑ Prepare and file the Petition and Schedules

   b. ☑ Represent the Debtor at the 341(a) Hearing

   c. ☑ Represent the Debtor in any relief from stay actions

   d. ☐ Represent the Debtor in any proceeding involving an objection to Debtor's discharge pursuant to 11 U.S.C. § 727

   e. ☐ Represent the Debtor in any proceeding to determine whether a specific debt is nondischargeable under 11 U.S.C. § 523

   f. ☐ Other (specify):

3. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on the following date at the city set forth below.

Dated: **May 12, 2010**_____     Law Firm: **Boyer Law**_____
                                                      **9844 Paramount Boulevard**
                                                      **Downey, CA  90240**

I HEREBY APPROVE THE ABOVE:

                                                      By: **/s/ Jason Boyer**_____

**/s/ Edwin Kulubya**
**/s/ Sandra Kulubya**_____            Name: **Jason Boyer**_____
Signature of Debtor(s)                                   Attorney for Debtor

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# Exhibit "4"

# Exhibit "4"

**8. Losses**

None ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**9. Payments related to debt counseling or bankruptcy**

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Law Office Of Jason Boyer<br>9844 Paramount Boulevard<br>Downey, CA 90240 | 04/26/10 | 1,039.00 |

**10. Other transfers**

None ☑ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

**11. Closed financial accounts**

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**12. Safe deposit boxes**

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

None ☑ List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor**

None ☑ If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

**16. Spouses and Former Spouses**

None ☑ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

-17-

# Exhibit "5"

# Exhibit "5"

1  PETER C. ANDERSON
   UNITED STATES TRUSTEE
2  JILL M. STURTEVANT (SBN 089395)
   ASSISTANT UNITED STATES TRUSTEE
3  RUSSELL CLEMENTSON (SBN 143284)
   TRIAL ATTORNEY
4  OFFICE OF THE UNITED STATES TRUSTEE
   725 South Figueroa Street, Suite 2600
5  Los Angeles, California 90017-5418
   (213) 894-4505 telephone
6  (213) 894-2603 facsimile
   russell.clementson@usdoj.gov
7

> **FILED & ENTERED**
>
> JUL 08 2010
>
> CLERK U.S. BANKRUPTCY COURT
> Central District of California
> BY oflores    DEPUTY CLERK

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                 LOS ANGELES DIVISION

| | |
|---|---|
| 11  In re: | )    Case No. 2:10-26665-BR |
| | ) |
| 12  EDWIN KULUBYA and | )    Chapter 11 |
|     SANDRA KULUBYA, | ) |
| 13 | )    ORDER DISMISSING CASE |
| | ) |
| 14 | ) |
| | ) |
| 15 | ) |
| | ) |
| 16      Debtors. | ) |
| | )    Date:    June 29, 2010 |
| 17 | )    Time:    2:00 p.m. |
| | )    Ctrm:   1668 |
| 18 | ) |

19          The United States Trustee's Motion to Convert or Dismiss this case per § 1112(b) with an

20  Order directing payment of Quarterly Fees came on for hearing on the above date and time.

21  Appearances were made as reflected on the record. The Court having considered the record herein,

22  the arguments of counsel and interested parties, and for good cause appearing,

23          IT IS HEREBY ORDERED that this case be and hereby is DISMISSED.

24          IT IS FURTHER ORDERED that the Debtor is prohibited from filing another bankruptcy

25  petition for a period of 180 days from the date of entry of this Order.

26          IT IS FURTHER ORDERED that the United States Trustee is granted a judgment in the

27  amount of $325.00 for quarterly fees due and unpaid in this case. Quarterly fees continue to accrue

28  until an order is entered and are assessed interest pursuant to 31 U.S.C. §3717 if not paid timely.

Exhibit "6"

Exhibit "6"

## Clementson, Russell  (USTP)

| | |
|---|---|
| **From:** | Clementson, Russell  (USTP) |
| **Sent:** | Wednesday, June 30, 2010 4:15 PM |
| **To:** | jasonjboyer@gmail.com |
| **Subject:** | Edwin & Sandra Kulubya (10-26665-BR) |

Dear Mr. Boyer,
Yesterday the Court dismissed this case along with a judgment for U.S. Trustee fees and a bar against filing another bankruptcy petition. The Court also reserved jurisdiction over any disgorgement of attorneys fees. I note that your Rule 2016-B statement is not complete in that it does not disclose the amount of fees that you agreed to receive or were paid for your services in this case. In addition, you filed a declaration re: limited scope of appearance in which you represent that you agreed to file the petition and schedules and represent the debtor in connection with the Section 341(a) and any relief from stay proceedings for a fee of $4000. Thus, it appears that your agreement with the Debtor did not contemplate that you would perform the services that are ordinarily required of an attorney representing a Chapter 11 debtor.

Please file an amended Rule 2016-B statement as well as confirm whether you agreed to perform any services that are not in your declaration re: limited scope of appearance. Please contact me if you have any questions.
Sincerely,
Russ Clementson


Russell Clementson
Trial Attorney
Office of the U.S. Trustee
725 S. Figueroa Street, Suite 2600
Los Angeles, CA 90017
Tel. (213) 894-4505
Fax (213) 894-2603

| In re: Edwin and Sandra Kulubya | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:10-bk-26665-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
725 South Figueroa Street, Suite 2600
Los Angeles, California 90017

A true and correct copy of the foregoing document described <u>UNITED STATES TRUSTEE'S MOTION FOR ORDER DISGORGING ATTORNEY COMPENSATION PURSUANT TO 11 U.S.C. §§ 327, 329, 330 AND 105(a); DECLARATION OF RUSSELL CLEMENTSON</u>     will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 9, 2010_____I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _ July 9, 2010                                       I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ July 9, 2010                          I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed. **Upon filing I will be giving a filed document to a Court delivery service consistent with our normal business practice, with instruction to deliver the copy to the chamber bin outside Suite1660 for the Honorable Barry Russell.**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 9, 2010 | Stephanie Hill | *Stephanie Hill* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re: Edwin and Sandra Kulubya | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:10-bk-26665-BR |

### ADDITIONAL SERVICE INFORMATION

#### TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- Jason Boyer   jasonjboyer@gmail.com
- Russell Clementson   russell.clementson@usdoj.gov
- Ramesh Singh   claims@recoverycorp.com
- United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov
- Darlene C Vigil   cdcaecf@bdfgroup.com

#### SERVED BY U.S. MAIL OR OVERNIGHT MAIL

**DEBTOR**
**Edwin Kulubya**
**Sandra Kulubya**
3220 Thatcher Ave
Marina del Rey, CA 90292

#### DEBTOR'S COUNSEL
**Jason Boyer**
The Law Office of Jason Boyer
9844 Paramount Blvd
Downey, CA 90240

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.